**In the Matter of Martin K. WYANT, II, Debtor.**

**Bankruptcy No. BK96–41327.**

United States Bankruptcy Court, D. Nebraska.

Feb. 12, 1998.

Marion F. Pruss, Omaha, NE, for Debtor.

Marilyn Abbott, Omaha, NE, for Chapter 13 Standing Trustee.

Kathleen A. Laughlin, Chapter B Trustee.

## MEMORANDUM

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

This case is before the court to consider confirmation of the debtor's Amended Plan (Fil. # 85), Debtor's Counsel's Application for Attorney Fees (Fil. # 87), and the Resistance by the Chapter 13 Trustee (Fils. # 94 & # 95). The plan is not confirmed, the debtor shall file an amended plan within 21 days hereof.

The amended plan is not confirmed because the debtor does not propose to pay disposable income to the trustee as required by § 1325(b)(1)(B).

This has become a complex case. The complexities are attributable to the debtor's attempt to preserve assets through extensive pre-bankruptcy planning, to manipulate expenses to minimize payments to unsecured creditors, and to provide for the payment of excessive attorney fees.

This case was filed on August 2, 1996. A few days earlier, on July 25, 1996, the debtor borrowed $10,000.00 from his employer and granted a security interest in 6 vehicles, a trailer, a lawnmower and a tractor to secure the loan. On July 31, 1996, the debtor purchased an annuity contract for $10,000.00. These transactions resulted in the encumbrance of the motor vehicles and the placement of $10,000.00 in an annuity which is claimed as exempt property.

On June 6, 1996, about 5 weeks before this bankruptcy case was filed, the debtor and Christel Wyant were divorced by a decree of the District Court of Cass County, Nebraska. The debtor appealed the divorce decree to the Nebraska Court of Appeals asserting that the $1,100.00 monthly alimony and pension awarded Ms. Wyant was excessive, that the court improperly awarded a pickup truck to Ms. Wyant, that Mr. Wyant should have

been awarded a number of items of personal property, and that when the court allocated the martial property it did not properly consider a lump sum worker's compensation settlement that Ms. Wyant received. On September 24, 1996, Christel Wyant died which terminated the alimony and pension payments. Mr. Wyant has continued to pursue his appeal of the divorce decree in the Nebraska Court of Appeals, although there is now a limited amount in controversy.

Mr. Wyant's original Schedule J, filed August 20, 1996, showed that his projected monthly income was $3,587.13, that his projected monthly expenses were $3,284.00, which included alimony of $1,100.00, and that his excess income was thus $303.13. Mr. Wyant's original Chapter 13 plan proposed payments of $300.00 per month to the Chapter 13 Standing Trustee. After Christel Wyant died, the debtor filed an amended Schedule I which showed that his after-tax income had decreased because his income tax withholding increased by $323.21 per month when he stopped paying alimony. He also filed an amended Schedule J showing that he no longer had an $1,100.00 monthly alimony expense. However, the debtor increased his other monthly expenses by an aggregate of $408.00 per month. Under amended schedules I and J, the debtor has excess income of $858.72, and he proposes to pay $850.00 per month to the Chapter 13 plan.

Considering the debtor's amended schedules, in light of his original schedule J, and the facts and circumstances recited above, I conclude that the increases in projected monthly expenses are attributable to an unwarranted attempt to offset his increase in income, and that the increase in expenses is not reasonable. Some of the amended expenses are for sums which are certain, such as an increase from $497.00 to $505.00 to reflect the correct amount of the debtor's mortgage payment. Such an increase in appropriate. However, the majority of the increase is for items that are discretionary in nature. It is not necessary for the debtor to make these increased expenditures in order to maintain himself and his dependents. Three hundred seventy-five dollars ($375.00) of the increase in monthly expenditures after the discontinuance of his alimony obligation is disallowed.

■ I further conclude that the debtor's proposed expenditures on veterinary expenses and livestock feed are unreasonable. The debtor is in the unfortunate position of owning several horses and dogs, which are elderly and which require extraordinary veterinary expenses. It is commendable that the debtor is willing to care for these animals and to attend to their feed and medical needs. On the other hand, this is a bankruptcy case in which the debtor is seeking to be discharged from his obligations to pay creditors. As between the debtor's elderly horses and dogs and his creditors, I think that the creditors should be paid first. The proposed expenditures on these animals are excessive, unreasonable, and not necessary for the maintenance or support of the debtor or his dependents.

■ On the other hand, the debtor should be encouraged to proceed in Chapter 13 in order that his creditors will receive payments over time. The disposable income analysis should not be so strict as to deprive the debtor of all discretionary income. Accordingly, I conclude that it is appropriate for the debtor to expend $100.00 per month for feed and veterinary expenses. This means that the proposed payments under the plan shall be increased and that for the 36 months of the plan, the debtor shall pay the trustee $1,300.00 per month. This sum represents proposed payments of $850.00 a month, plus disallowed expenses of $450.00 ($375.00 plus $75.00).

■ The second matter before the court is the debtor's counsel's Application for Attorney Fees (Fil. # 87), and the Resistance by the Chapter 13 Standing Trustee (Fils. # 94 and # 95). It is very difficult at this time to determine whether the legal services provided in connection with this bankruptcy estate were of benefit to the bankruptcy debtor and/or to the creditors in the case. I have previously allowed fees in the amount of $4,114.06 (Fil. # 82). Further interim applications for attorney fees should not be approved at this time. I note, however, that the current plan provisions dealing with at-

torney fees are simply not appropriate. The plan may not provide contingently that attorney fees will be paid directly by the debtor, if they are not approved by this court. Such a provision circumvents the statutory requirement that the fees of debtor's counsel shall be approved by the court. It also circumvents the disposable income requirement. This means simply that attorney fees may be paid to debtor's counsel only if approved by the court. It further means that attorney fees may be paid from monthly income only if the court determines that such expenditures for attorney fees are reasonable and necessary for the maintenance of the debtor or the debtor's dependents.

By separate order, the proposed Amended Plan is not confirmed, the Chapter 13 Trustee's Objection to Confirmation is sustained, and the Application for Attorney Fees is denied.

### ORDER

For the reasons stated in the court's Memorandum filed contemporaneously herewith,

IT IS THEREFORE ORDERED, that the proposed Amended Plan (Fil. # 85) is not confirmed, and that the Chapter 13 Trustee's Objection (Fil. # 94) is sustained.

IT IS FURTHER ORDERED, that the debtor shall file an amended plan within 21 days hereof, and said plan shall be consistent with the terms of this order.

IT IS FURTHER ORDERED, that the debtor's counsel's Application for Attorney Fees (Fil. # 87) is denied at this time, without prejudice to counsel seeking allowance of said attorney fees in connection with the final fee application in this case.

IT IS SO ORDERED.